Stephen CROWE; Cheryl Crowe; Judith Ann Kennedy; Michael Crowe; Shannon Crowe, a minor through their guardian ad litem, Stephen Crowe; Joshua David Treadway, Michael Lee Treadway; Tammy Treadway; Janet Haskell; Margaret Susan Houser; Christine Huff; Gregg Houser; Aaron Houser, Plaintiffs–Appellees,

v.

COUNTY OF SAN DIEGO,
et al., Defendants,

and

Summer Stephan, Defendant–Appellant.

No. 00–56415.
D.C. Nos. CV–99–00241–JSR(RBB), CV–99–00283–JSR(RBB), CV–99–00253–JSR(RBB).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided June 27, 2001.

Before HUG, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Summer Stephan, a San Diego County deputy district attorney, appeals the district court's denial of her 12(b)(6) motion to dismiss an action brought against her pursuant to 42 U.S.C. § 1983. We have jurisdiction, pursuant to 28 U.S.C. § 1291, and we affirm. This Court accepts all of the allegations of material fact in the complaint as true and will construe the allegations in the light most favorable to the plaintiffs. *National Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir.1995). We affirm for the reasons stated below.

Plaintiffs must allege injury to their reputation from defamation accompanied by an allegation of injury to a recognizable property or liberty interest to have an actionable claim under 42 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

§ 1983. *Cooper v. Dupnik,* 924 F.2d 1520, 1532 (9th Cir.1991). We have clarified that: "There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was *inflicted in connection* with a federally protected right; or (2) allege that the injury to reputation *caused the denial* of a federally protected right." *Herb Hallman Chevrolet v. Nash–Holmes,* 169 F.3d 636, 645 (9th Cir.1999) (citing *Cooper,* 924 F.2d at 1532).[1]

■ Injuries inflicted "in connection" with the deprivation of a federal right include defamatory statements concerning an unconstitutional arrest. *Cooper,* 924 F.2d at 1532 (citing *Stevens v. Rifkin,* 608 F.Supp. 710, 727 (N.D.Cal.1984)). Stephan's statements refer to the chain of events beginning with the alleged coerced confessions[2] leading to the alleged false arrests and ending with the eight month incarceration and prosecution. These allegations would encompass defamation "in connection" with violations of rights guaranteed by the Fifth, Fourth, and Fourteenth Amendment, respectively.

■ There must also be some temporal connection between the unconstitutional actions and the defamatory statements. *Campanelli v. Bockrath,* 100 F.3d 1476, 1483 (9th Cir.1996). Stephan argues that there is no temporal nexus between the unconstitutional arrests and the broadcasting of the statements, which occurred over a year later.

■ However, it is not clear when many of the statements were actually made.

Drawing inferences in favor of the plaintiffs, the statements could have been made immediately after the charges were dismissed. Also, there are some allegations of cover-ups and conspiracy theories in the complaint that may extend the duration of the constitutional deprivations. At the 12(b)(6) stage, this is sufficient to raise a question of fact as to a temporal connection under the standard used in *Campanelli,* 100 F.3d at 1484.

■ Finally, Stephan argues that she is entitled to qualified immunity because the law was not "clearly established" at the time of her statements. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). However, when Stephan spoke to 48 Hours in 1998–1999, it was clearly established that defamatory statements made "in connection" with an unconstitutional arrest was actionable under 42 U.S.C. § 1983 even if the statements were made after the constitutional deprivation. *Cooper,* 924 F.2d at 1534 (1991).

Accordingly, the judgment of the district court is AFFIRMED.[3]

---

1. Since we find that Appellees meet the "in connection" test, we need not address the issue of whether the "denial of a right" test was met.

2. Certain statements seem to come directly from Michael's coerced confession, such as: "[Michael] hated the attention that she [Stephanie] was getting...the motive started out

as this hate, but then turned into a sort of a game of, 'Let's plan this out. Let's see if it can be pulled off.' "

3. This judgment does not preclude Stephan from asserting qualified immunity at the summary judgment phase once the precise facts are known.